HENRY M. PECK, TRUSTEE, &c., PLAINTIFF AND RESPONDENT, v. THE NEW JERSEY & NEW YORK RAILWAY COMPANY, DEFENDANT.

ISAAC C. DEMAREST, TRUSTEE, &c., PLAINTIFF AND RESPONDENT, v. THE NEW JERSEY & NEW YORK RAILWAY COMPANY, DEFENDANT.

IN THE MATTER OF THE PETITION OF JEFFERSON M. LEVY, APPELLANT.

*Foreclosure of railroad mortgage—when a sale, had under a decree in, will not be set aside.*

APPEAL from an order made at Special Term, denying a motion made by Jefferson M. Levy, to set aside a judgment of foreclosure and a sale had thereunder.

The plaintiffs in these actions are trustees for the holders of certain mortgage bonds issued by the defendant, and a company to whose rights and obligations it has succeeded. These actions were brought to foreclose the mortgages made to secure the bonds, and proceeded to a sale. Mr. Levy, a holder of several of these bonds, moved at Special Term to set aside the sale, and presented three grounds to the consideration of the court: 1st. Error of law by the referee to compute, whereby an excessive amount was reported due. 2d. Inadequacy of price. 3d. Surprise or mistake, preventing his presence at the sale.

The court, at General Term, said: " A number of the bonds were pledged as collateral to debts of the company, by it, before their regular issue. These were included in the referee's computation. The appellant contends that these never had a legal inception. The respondent's answer is, that the company having failed to pay, the pledgees have sold, and the liability of the company become fixed. That this is true of some is shown by the appellant's petition, showing title to a part of his bonds thus gained. Such an eventual disposition of all bonds pledged was natural, and properly provided for.

HUN.—VOL. XXII.        9

" The appellant had an order staying the sale. This was vacated on the day of the sale, and he pleads that, relying on this order, he made no preparations to attend the sale, and, learning the stay had been vacated too late, he was not present. The order vacating was an adjudication that the stay should not have been granted in the first instance. This court will not interfere to throw the loss on the party improperly restrained, and give the appellant advantage of his wrong. (*La Farge* v. *Van Wagenen*, 14 How. Pr., 54.)

" We do not think inadequacy of consideration established, but, if it were, the disposition we have made of the other points would leave it standing alone, and would require such inadequacy as ' would shock the conscience, and amount in itself to conclusive and decisive evidence of fraud.' (Story Eq. Juris., § 246.)"

*Clarkson N. Potter*, for the appellant.

*C. B. Alexander* and *E. A. Brewster*, for the respondent.

Opinion by DYKMAN, J.; GILBERT, J., concurred; BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.